KUHN v. EBSTEIN BROS.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

SALES (§ 180*)—PERFORMANCE OF CONTRACT—DELIVERY AND ACCEPTANCE OF
GOODS—ESTOPPEL OR WAIVER.

> Where a purchaser, after the date fixed by the contract for delivery of
> an order of "cut-outs," received and accepted a part of the order, he could
> not arbitrarily refuse acceptance of the remaining part without a new
> demand fixing a reasonable time of performance.·
>
> [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 469–472; Dec. Dig.
> § 180.*]

Appeal from Municipal Court, Borough of·Manhattan, Fifth District.

Action by Joseph C. Kuhn against Ebstein Bros. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued March term, 1914, before SEABURY, LEHMAN and BIJUR, JJ.

Holm, Whitlock & Scarff, of New York City (Michael V. Ahern, of New York City, of counsel), for appellant.

Goldstein & Goldstein, of New York City, for respondent.

BIJUR, J. The record on this appeal is meager and does not satisfactorily bring out the relations between the parties. Plaintiff sues for the value of certain display cards and "cut-outs" tendered to defendant pursuant to a contract and refused. It appears that on August 15, 1912, the defendant signed a contract calling for the delivery of 1,000 "cut-outs." This was on an order blank of the plaintiff which contained a printed notice reading in part that the plaintiff—

"does not bind itself to the exact date of delivery, but goods will be delivered as near date specified as possible; that we shall not be held liable for any failure or delay or interruption in the performance of this contract caused by strike," etc.

The defendant testified that it was expressly agreed that delivery was to be made not later than September 20th, and it is apparent from the whole record that there were prior negotiations in which September 20th was frequently mentioned as the date of the delivery. Proofs were presented to defendant in September at a date which does not appear, and were approved by him. On October 8th defendant wrote plaintiff, canceling the contract for failure to make delivery. At or about that time, at a date which does not clearly appear, but was probably October 12th, plaintiff notified defendant by telephone that he had 300 or 400 "cut-outs" ready for delivery, but defendant refused to accept them. Either immediately subsequent to October 8th or October 12th, and at a time that does not clearly appear, plaintiff sent defendant six "cut-outs" which were retained by defendant. This is not contradicted. Tender of the remainder of the contract was made on November 12th and refused.

As the record stands, this court cannot attempt to state what was the effect of the strike clause in the contract, or what was the effect of the

---

negotiations about the day of delivery upon the question of reasonable time for performance. It appears that six "cut-outs" were delivered and retained by defendant. After he had retained these, he could not arbitrarily refuse acceptance of the remaining part of the order without a new demand fixing a reasonable time for performance.

A new trial will undoubtedly amplify the meager record on the important matter of the sequence of negotiations and the dates thereof, and possibly on the circumstances surrounding the delivery of the six "cut-outs."

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.